UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KENYON DARRELL BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAN BERNARDINO POLICE ARRESTING OFFICERS FOR CASE#FSB1600204 2016, et al.,<br><br>　　　　　Defendants. | Case No. 5:21-cv-01441-RGK-JDE<br><br>ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g) |

　　　　On August 19, 2021, Plaintiff Kenyon Darrell Brown ("Plaintiff"), a California state prisoner, proceeding pro se and seeking leave to proceed in forma pauperis ("IFP"), filed a civil rights Complaint (Dkt. 1 "Complaint") under 42 U.S.C. § 1983 against "Arresting Officers" in San Bernardino County Superior Court Case No. FSB160024, Officer Martinez, the deputy district attorney, and sheriff's deputies assigned to B Block at the Glen Helen Rehabilitation Center. Plaintiff seeks to challenge his 2016 arrest and seeks damages, alleging he was falsely arrested, subjected to excessive force, and falsely imprisoned based on false testimony. Complaint at 2-6.

　　　　On September 29, 2021, the assigned magistrate judge issued an Order to Show Cause directing Plaintiff to show cause why the action should not be

dismissed pursuant to 28 U.S.C. § 1915(g). Dkt. 4 ("OSC"). On October 12, 2021, Plaintiff filed a one-page Response to the OSC. Dkt. 5 ("Response").

Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from "bring[ing] a civil action or appeal" IFP if the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) "is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that[they were] frivolous, malicious, or fail[] to state a claim . . . .'" Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (as amended) (first two alterations in original). Section 1915(g) provides a narrow exception permitting a prisoner who has had three prior "strikes" but who is in "imminent danger of serious physical injury" to proceed despite the strikes. 28 U.S.C. § 1915(g); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The danger must exist at the time the prisoner filed the complaint, not at some earlier or later time. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (as amended).

Courts may raise Section 1915(g) sua sponte and dismiss the action after providing the plaintiff with an opportunity to be heard. See Andrews, 398 F.3d at 1120; see also Strope v. Cummings, 653 F.3d 1271, 1273 (10th Cir. 2011) (courts "may raise the issue of strikes sua sponte"); Hernandez v. Ventura Cty., 2010 WL 5313476, at *2 (C.D. Cal. Nov. 16, 2010) ("Courts may, sua sponte, dismiss an action that is barred by Section 1915(g), but must notify the prisoner/litigant of the strikes it considers to support such a dismissal, and

allow the prisoner an opportunity to be heard on the matter before dismissing the case."), report and recommendation adopted by 2010 WL 5315438 (C.D. Cal. Dec. 15, 2010). Once the Court notifies a plaintiff that his case may be subject to dismissal under Section 1915(g), the plaintiff bears the ultimate burden of persuading the Court that Section 1915(g) does not apply. Andrews, 398 F.3d at 1120. "A dismissal under Section 1915(g) is without prejudice to a plaintiff refiling his civil rights complaint after prepayment of the full filing fee." Hernandez, 2010 WL 5313476, at *2.

Here, Plaintiff has filed numerous actions in this Court. He concedes that he has filed four prior lawsuits in federal court while a prisoner, referencing cases in the Eastern and Central Districts of California, namely, Brown v. North Kern State Prison, et al., Case No. 1:20-cv-01396-SKO (E.D. Cal.), Brown v. West Valley Detention Center, et al., Case No. 5:21-cv-01252-RGK-JDE (C.D. Cal.), Brown v. Anaya, et al., Case No. 5:21-1302-RGK-JDE (C.D. Cal.), and Brown v. CDCR Director, et al., Case No. 1:21-cv-01186-SKO (E.D. Cal.). Complaint at 1. In addition to the cases identified, Plaintiff has filed at least three other civil rights actions in this Court in 2021 alone: Brown v. City of Rialto, et al., Case No. 5:21-cv-00565-RGK-JDE, Brown v. Mental Health Court, et al., Case No. 5:21-00742-RGK-JDE, and Brown v. Rialto Police Officer Jason Breen, Case No. 5:21-cv-00993-RGK-JDE.

As noted in the OSC, at least three of Plaintiff's prior civil rights actions filed while he was incarcerated were dismissed as frivolous, malicious, or for failure to state a claim, including the following:

1. Brown v. City of Rialto, et al., Case No. 5:21-cv-00565-RGK-JDE (dismissed for failure to state a claim upon which relief may be granted);

2. Brown v. Rialto Police Officer Jason Breen, Case No. 5:21-cv-00993-RGK-JDE (dismissed for failure to state a claim upon which relief may be granted and res judicata); and

3. <u>Brown v. Anaya et al.</u>, Case No. 5:21-1302-RGK-JDE (dismissed as frivolous and for failure to state a claim upon which relief may be granted).

As such, the OSC provided Plaintiff notice that it appeared the instant action is subject to dismissal under 28 U.S.C. § 1915(g) and provided Plaintiff an opportunity to be heard. In his one-page Response, Plaintiff did not contest that three prior actions were dismissed for failing to state a claim upon which relief may be granted and/or being frivolous, and did not assert that he is under imminent danger of serious physical injury; rather, Plaintiff states that he believes his claims are meritorious and notes he had been permitted to proceed in forma pauperis in two cases in another district. <u>See</u> Response at 1.

The Court finds that Plaintiff has, on at least three prior occasions, filed civil actions under 28 U.S.C. § 1915 that have been dismissed as frivolous, malicious, or for failure to state a claim, and further finds that Plaintiff has not shown he is under imminent danger of serious physical injury. As a result, this action must be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Request to Proceed IFP (Dkt. 2) is DENIED; and
2. Plaintiff's Complaint is hereby DISMISSED without prejudice and Judgment shall be entered accordingly.

Dated: October 19, 2021

_____
R. GARY KLAUSNER
United States District Judge

Presented by:

_____
JOHN D. EARLY
United States Magistrate Judge